IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

PEOPLE'S CHOICE HOME LOAN, INC.                                                    PLAINTIFF

vs.                                                                          No. 4:05CV58-D-B

JOHNNY PRICE; and MARY PRICE                                                     DEFENDANTS

OPINION GRANTING MOTION TO COMPEL ARBITRATION

Presently before the Court is the Plaintiff's motion to compel arbitration. In the motion, the Plaintiff also seeks to stay a state court proceeding brought in Leflore County by the Defendants against the Plaintiff.

Upon due consideration, the court finds that the motion should be granted. In accordance with the parties' agreement, the Defendants' claims shall be submitted to arbitration, and the proceedings currently pending in the Circuit Court of Leflore County shall be stayed pending arbitration.

*A. Factual Background*

On February 3, 2003, the Defendants obtained a loan from the Plaintiff in order to purchase real property located in Leflore County, Mississippi. In connection with the loan, the Defendants signed a document entitled "Agreement for the Arbitration of Disputes" (the "Agreement"). The Agreement contains a mandatory arbitration provision, requiring that "any dispute" in connection with the loan transaction be submitted to binding arbitration.[1]

Despite the Agreement's arbitration provision, the Defendants commenced a civil action in the Circuit Court of Leflore County, seeking monetary damages for, *inter alia*, fraudulent

---

[1] The Agreement expressly excludes certain types of disputes from its coverage, none of which are applicable to the instant motion.

misrepresentation in connection with the loan transaction. Thereafter, the Plaintiff filed a petition in this court, pursuant to Section Four of the Federal Arbitration Act, seeking an order compelling arbitration and staying the state court proceedings.

*B. Standard for Compelling Arbitration*

Congress provided in the Federal Arbitration Act (FAA) that a written agreement to arbitrate, in a contract involving interstate commerce, "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section Four of the FAA specifically contemplates that parties, such as the Plaintiff, that are aggrieved by another party's failure to arbitrate under a written agreement may file an original petition in a United States District Court to compel that party to arbitrate their claims. 9 U.S.C. § 4. In addition, the FAA expresses a strong national policy in favor of arbitration, and any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. Southland Corp. v. Keating, 465 U.S. 1, 10, 105 S.Ct. 852, 857, 79 L. Ed. 2d 1 (1983); Mouton v. Metropolitan Life Ins. Co., 147 F.3d 453, 456 (5th Cir. 1998).

The Fifth Circuit has directed that courts are to perform a two-step inquiry to determine whether parties should be compelled to arbitrate a dispute. OPE Int'l LP v. Chet Morrison Contractors, Inc., 258 F.3d 443, 445 (5th Cir. 2001). First, the court must determine whether the parties agreed to arbitrate the dispute. OPE Int'l, 258 F.3d at 445. In conducting this inquiry, the court must determine whether a valid agreement to arbitrate exists, and whether the dispute in question falls within the scope of that arbitration agreement. Id.; Pennzoil Exploration and Prod. Co. v. Ramco Energy Ltd., 139 F.3d 1061, 1065 (5th Cir. 1998). If the court finds that the parties agreed to arbitrate the claims, it must then consider whether any federal statute or policy renders the claims

nonarbitrable. OPE Int'l, 258 F.3d at 446. In conjunction with this inquiry, a party seeking to avoid arbitration must allege and prove that the arbitration provision itself was a product of fraud or coercion; alternatively, that party can allege and prove that another ground exists at law or in equity that would allow the parties' contract or agreement to be revoked. Sam Reisfeld & Son Import Co. v. S.A. Eteco, 530 F.2d 679, 680-81 (5th Cir. 1976).

*C. Discussion*

1. The Agreement's Arbitration Provision

The parties do not dispute that the Agreement at issue contains the following mandatory arbitration provision:

> [I]f you and we are not able to resolve our differences informally, you and we agree that any dispute, regardless of when it arose, shall be settled, at you [sic] option of [sic] ours, by arbitration in accordance with the Agreement . . . For purposes of this Agreement, a dispute is any claim or controversy of any nature whatsoever arising out of or in any way related to the Loan; the arranging of the Loan; any application, inquiry or attempt to obtain the Loan; any Loan documents; the servicing of the Loan; or any other aspect of the Loan transaction. It included, [sic] but is not limited to, federal or state contract, tort, statutory, regulatory, common law and equitable claims.

See Exhibit D to the Complaint.

As for the first step in the court's analysis, the Defendants do not seriously dispute the existence of an agreement to arbitrate. Under Mississippi law, a person "is charged with knowing the contents of any document that he executes." Russell v. Performance Toyota, Inc., 826 So.2d 719, 726 (Miss. 2002). The Defendants' signatures on the Agreement evidences their acquiescence to the terms stated therein, their failure to read it notwithstanding.[2] Furthermore, in view of the breadth

---

[2] Ordinary principles of contract law apply in determining the existence of an agreement to arbitrate. Terminix International, Inc. v. Rice, 904 So.2d 1051, 1055 (Miss. 2004); see Hicks v. Bridges, 580 So. 2d 743, 746 (Miss. 1991); Busching v. Griffin, 542 So. 2d 860, 865 (Miss. 1989) ("To permit a party when sued on a written contract, to admit that he signed it but to deny

3

of the arbitration provision before the court and the admonition that courts are to resolve all doubts in favor of arbitration, Harvey v. Joyce, 199 F.3d 790, 793 (5th Cir. 2000), the court finds that each of the claims advanced by the Defendants in their state court action fall within the scope of the Agreement's mandatory arbitration clause.

## 2. Enforceability of the Agreement

The court having satisfied itself of the existence of an agreement to arbitrate, it is now necessary to consider "whether legal constraints external to the parties' agreement foreclose the arbitration of those claims." Gulf Ins. Co. v. Neel-Schaffer, Inc., 904 So.2d 1036, 1042 (Miss. 2004). Under this second element of inquiry, "applicable contract defenses available under state contract law such as fraud, duress, and unconscionability may be asserted to invalidate the arbitration agreement without offending the Federal Arbitration Act." East Ford, Inc. v. Taylor, 826 So.2d 709, 713 (Miss. 2002).

The Defendants urge the court to invalidate the Agreement on grounds of fraud as well as procedural and substantive unconscionability. The Court will address each of these arguments in turn.

### a. Fraudulent Misrepresentation

In connection with their claim that the Plaintiff engaged in fraudulent behavior in connection with the subject loan transaction, the Defendants assert that the loan agreement as a whole, as opposed to the specific arbitration provision itself, was procured by fraud and is unconscionable. Under Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04, 87 S.Ct. 1801, 1805-

---

that it expresses the agreement he made or to allow him to admit that he signed it but did not read it or know its stipulations would absolutely destroy the value of all contracts.").

06, 18 L. Ed. 2d 1270 (1967), however, a claim of fraud or unconscionability directed to the making of a contract as a whole does not affect the enforcement of an arbitration agreement contained in the contract. Such fraud claims are for the arbitrator - not the court - to decide, and claims of this nature are properly sent to arbitration in accordance with the parties' arbitration agreement. Will-Drill Res., Inc. v. Samson Res. Co., 352 F.3d 211, 218 (5th Cir. 2003); see Primerica Life Ins. Co. v. Brown, 304 F.3d 469, 472 (5th Cir. 2002) (holding that "unless a defense relates specifically to the arbitration agreement, it must be submitted to the arbitrator as part of the underlying dispute."); R.M. Perez & Assocs., Inc. v. Welch, 960 F.2d 534, 538 (5th Cir. 1992) ("Only if the allegation of fraud goes specifically to the making of the agreement to arbitrate must a district court address the merits of the fraud claim. The district court does not address claims of fraud in the inducement of the contract generally.").

Here, because the Defendants' claims of fraud relate to the formation of the loan contract as a whole and not specifically to the making of the arbitration agreement, the court finds that, in accordance with the above-cited authorities, the Defendants' claims of fraud should be decided by an arbitrator and not by this court.

b. Unconscionability

The Defendants also maintain that the Agreement should be set aside because its provisions are unconscionable. In determining whether an agreement to arbitrate is unenforceable due to unconscionability, the court refers to state law. Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 686-87, 166 S.Ct. 1652, 1656, 134 L. Ed. 2d 902 (1996).

Under Mississippi law, a court may refuse to enforce a contract, or any clause of a contract, that is found to have been unconscionable when made. See Miss. Code Ann. § 75-2-302.

5

Mississippi law defines an unconscionable contract as "one such as no man in his senses and not under a delusion would make on the one hand, and no honest and fair man would accept on the other." Entergy Mississippi, Inc. v. Burdette Gin Co., 726 So. 2d 1202, 1207 (Miss. 1998). Under Mississippi law, there are two types of unconscionability: procedural and substantive. York v. Georgia-Pacific Corp., 585 F. Supp. 1265, 1278 (N.D. Miss. 1984). A party may establish procedural unconscionability if he proves "a lack of knowledge, lack of voluntariness, inconspicuous print, the use of complex legalistic language, disparity in sophistication or bargaining power of the parties and/or a lack of opportunity to study the contract and inquire about the contract terms." York, 585 F. Supp. at 1278. A party may prove substantive unconscionability if he proves that the terms of the arbitration clause were oppressive. Id.

1. Procedural Unconscionability

Procedural unconscionability focuses on the circumstances surrounding the formation of a contract. As noted above, among the appropriate factors for consideration in evaluating such a claim are lack of knowledge, lack of voluntariness, inconspicuous print, the use of complex legalistic language, disparity in sophistication or bargaining power of the parties and/or a lack of opportunity to study the contract and inquire about the contract terms. East Ford, 826 So.2d at 714.

The Defendants aver that nearly all of the enumerated factors are present in this case. They gave a sworn statement to the effect that they did not know the significance of the Agreement before signing it, that the Agreement was filled with "legalese" and that they had no opportunity to review the loan closing documents before signing them. The Defendants also point to what they assert is a disparity in sophistication and bargaining power between the Plaintiff and themselves; they further claim that they felt they had to sign all of the documents as a condition to completing the purchase

of their home.

The court has considered the record before it and finds that the evidence is insufficient to support a finding of procedural unconscionability. First, the Defendants' lack of knowledge regarding the contents of the Agreement was the result of their choosing to not read the document before signing it. Had they done so, they would, no doubt, have been fully apprised of the importance of the Agreement. Second, the court finds that the Defendants' argument that the Agreement was too complicated for a person of their intelligence and experience to understand is without merit. The Agreement was set forth in a separate document with the words "Agreement for the Arbitration of Disputes" appearing in bold-face print and all capital letters at the top of the document; the Agreement's terms were then spelled out in a straightforward manner. In addition, the following language appears immediately above the signature line on the Agreement:

> BY SIGNING BELOW YOU ACKNOWLEDGE THAT YOU HAVE READ AND UNDERSTOOD THIS AGREEMENT AND THAT YOU AGREE TO ALL OF ITS TERMS. YOU ALSO ACKNOWLEDGE THAT YOU HAVE RECEIVED A COPY OF THIS AGREEMENT. THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES.

See Complaint, Exhibit D.

The Defendants' argument that they lacked sufficient time to review the Agreement before signing it is also questionable. Though the Defendants remarked on the swiftness of the transaction, there is no credible evidence presently before the court suggesting that they asked for, or were refused, additional time to study the documents before signing them.

The Defendants' other arguments regarding the voluntariness of the Agreement are also without merit. While it may be true that the Defendants lacked the same degree of sophistication and bargaining power held by the Plaintiff, that in and of itself is insufficient to demonstrate

procedural unconscionability; in order to succeed with such an argument, the Defendants must also bring forth evidence of some other factor indicative of overreaching, e.g., that the stronger party's terms are unnegotiable and "the weaker party is prevented by market factors, timing or other pressures from being able to contract with another party on more favorable terms or to refrain from contracting at all." Vicksburg Partners, L.P v. Stephens, 911 So. 2d 507, 518 (Miss. 2005). In the instant case, as in that of Stephens, the only such evidence before the court is a self-serving statement contained in the Defendants' brief to the effect that they "felt that they must sign all of the documents that were put to them to sign, whether they understood/agreed with them or not, as a condition to securing a loan." See Plaintiff's Brief at 19. In the absence of any clearly probative evidence that the Defendants' agreement to arbitrate was less than voluntary, the court must and hereby does find against the Defendants on their claim of procedural unconscionability.

2. Substantive Unconscionability

The Defendants also claim that the court should refuse to enforce the Agreement on grounds of substantive unconscionability. Substantive unconscionability "may be proven by showing the terms of the arbitration agreement to be oppressive." East Ford, 826 So.2d at 714. "Substantively unconscionable clauses have been held to include waiver of choice of forum and waiver of certain remedies." Id.; Pitts v. Watkins, 905 So.2d 553, 555 (Miss. 2005).

The Defendants attempt to cast the Agreement as a kind of forum choice which should be voided on grounds of oppressiveness. In doing so, they make mention of their right to jury trial under the United States and Mississippi Constitutions. The court finds that their argument is without merit.

In signing the Agreement and agreeing to arbitration, the Defendants have necessarily waived

their right to a judicial forum and their right to a jury trial. American Heritage Life Ins. Co. v. Orr, 294 F.3d 702, 710-11 (5th Cir. 2002). The Seventh Amendment right to a trial by jury is limited by a valid arbitration provision that waives the right to resolve a dispute through litigation in a judicial forum. American Heritage, 294 F.3d at 710-11. If a party's claims are properly before an arbitral forum pursuant to an arbitration agreement, therefore, the jury trial right vanishes. Id. Here, the Defendants agreed to resolve their disputes with the Plaintiff through arbitration, and they did so in clear and unmistakable words which expressly waived their right to a jury trial. Thus, the Defendants validly waived their right to a judicial forum, including the corollary right to a trial by jury.

As a further matter, despite the Defendants' argument that they would be unable to recover punitive damages in an arbitration proceeding, the Agreement in no way limits the remedies available to the parties. The arbitration contract specifically provides: "The arbitrator shall have the authority to award any remedy or relief that a court in the State could order or grant." See Complaint, Exhibit D.

The remainder of the Defendant's substantive unconscionability argument can be characterized as a spirited, though baseless, attack on the fairness of arbitration proceedings in general. They assert that the Plaintiff would not have sought to include an arbitration agreement in its mortgage loan transaction with the Defendants unless it was firmly convinced that an arbitral forum guaranteed it both tactical and substantive advantages.

The Defendants' argument ignores the clear pronouncement of controlling case law. "There is nothing per se unconscionable about arbitration agreements." Vicksburg Partners, 911 So.2d at 518. Furthermore, nothing about this particular arbitration agreement is suspect. The arbitration

provision equally binds both parties. There is no disparity in either party's ability to arbitrate any issue, and both parties are guaranteed the same rights by the agreement. In view of the Defendants' inability to demonstrate that the Agreement is unconscionable, the court finds that the Agreement is enforceable according to its terms.

In sum, the court finds that the parties agreed to arbitrate the Defendants' claims. The Agreement's arbitration clause is unambiguous, sufficiently broad to cover the Defendants' claims, and susceptible to only one interpretation - that the parties intended to settle, through arbitration, the claims the Defendants have raised. None of the Defendants' claims fall outside the scope of the arbitration clause. Accordingly, the court finds that the Defendants' claims should be arbitrated in accordance with the terms of the parties' Agreement.

### 3. Defendants' Motion to Stay Arbitration

The Court has considered the Defendants' request for a stay of decision on grounds of the pending motion for class certification in the action styled <u>Cleveland v. Coldwell Banker Real Estate Corporation</u>, Civil Action No. 4:05CV10-M-B, currently pending before another court in this district. The Court finds the grounds stated are insufficient to warrant a stay of the instant action.

### 4. Stay of State Court Proceedings

In addition to seeking an order compelling the Defendants to submit all pending claims to arbitration, the Plaintiff also seeks to stay the Defendants' claims in their pending state court action. In connection with that request, the court notes that the Anti-Injunction Act states that:

> A court of the United States may not . . . stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283.

The court finds that in the particular circumstances of this case, a stay of the Defendants' state court claims is required to protect or effectuate this court's present order that the controversy between the parties be submitted to arbitration. The court further finds that the policies embodied in the Federal Arbitration Act militate against having ongoing state proceedings at the very time those same claims are the subject of arbitration proceedings. In sum, the court concludes that the principle of judicial economy, the strong judicial policy favoring arbitration expressed by the Supreme Court, the plain language of the Anti-Injunction Act, and the policies embodied in the FAA warrant a stay of the Defendants' Leflore County civil action.

### D. *Conclusion*

Based on the foregoing facts and analysis, the Court finds that the Plaintiff's motion to compel arbitration is well-taken and should be granted.

This, the 2nd day of March 2006.

/s/ Glen H. Davidson
Chief Judge